# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANKLYN SANCHEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-934-GBW |
| | ) |
| JAMES G. MCGIFFIN, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Franklyn Sanchez, of Camden, Delaware, moved to proceed *in forma pauperis* and filed a complaint *pro se* in the above captioned civil action. (D.I. 1; D.I. 2.) This Court subsequently granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 4.) As such, Plaintiff's pleading is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). At this early state of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Review of the complaint reveals that all of Plaintiff's claims arise from 2023 and 2024 Delaware court proceedings that reached adjudication prior to 2025 when this case was initiated. (*See* D.I. 2.) Plaintiff seeks relief to include an Order by this Court vacating the September 25, 2023 Delaware Family Court Protection From Abuse Order and any related findings. (*See* D.I. at 10.)

The *Rooker-Feldman* doctrine precludes federal court consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). According to the facts alleged in the complaint, this case falls squarely in the purview of the *Rooker-Feldman* doctrine. *See Phila. Entm't & Dev. Partners, LP v. Dep't of Revenue*, 879 F.3d 492, 500 (3d Cir. 2018) (stating *Rooker-Feldman* doctrine requirements). As such, the complaint must be dismissed for failure to state a claim on which this Court can grant relief, and amendment is futile, warranting case closure.

THEREFORE, on this 12th day of September 2025, IT IS HEREBY ORDERED:

1. The complaint (D.I. 2) is **DISMISSED** without prejudice to pursuit of claims before the Delaware State Courts.

2. The Clerk of Court is directed to **CLOSE** this case.

_____
The Honorable Gregory B. Williams
United States District Judge